**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| David Westermann, Jr., as the Personal Representative of the Estate of Emily Eileen Westermann, | Case No. 2:25-700-RMG |
| Plaintiff, | **ORDER** |
| v. | |
| Dorchester School District Two, et al., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 53) recommending the Town of Summerville, South Carolina, O. Harvey, II, and Gary Lipsey ("Town Defendants")'s motion to dismiss be granted in part and denied in part. For the reasons stated below, the Court adopts the R&R as the order of the Court and grants in part and denies in part the Town Defendants' motion as articulated in the R&R.

## I.    Background

Plaintiff brings this action as personal representative of the Estate of Emily Eileen Westermann. Stated simply, and as explained in greater detail in the Magistrate Judge's extensive R&R, Emily worked at Newington Elementary School in Dorchester School District Two. (Dkt. No. 53 at 3).[1] On May 10, 2023, an incident occurred where Emily allegedly had to use some amount of physical force to prevent a nonverbal, deaf student with autism from striking a pregnant

---

[1] Plaintiff states that the "Magistrate Judge's recitation of the facts . . . accurately outlines the Plaintiff's allegations." (Dkt. No. 69 at 2).

1

teacher. (*Id.* at 5). Plaintiff alleges the incident was recorded on video and that Emily never pushed the student to the floor and the student never lost his footing or fell. (*Id.*). Nevertheless, Plaintiff contends that various defendants acted wrongly and/or deliberately mislead authorities, leading to Emily's termination, and arrest and indictment for assault and battery (3rd degree). *See* (*id.* at 8-11) (alleging, for example, that Defendant FTO Lipsey stated in his Narrative that Emily "shove[d]" student and that student lost his balance). At the time Emily died, on February 7, 2024, the criminal charges against her were still pending. (*Id.* at 12).

The Town Defendants moved to dismiss the complaint. (Dkt. No. 40). Plaintiff opposed the motion. (Dkt. No. 45).

In a detailed, 35-page R&R, the Magistrate Judge recommended granting in part and denying in part the motion. "Specifically, the [R&R] recommends that Counts III, IV, V, VI, and VIII be dismissed without prejudice as against all the Summerville Defendants, and that Count VII be dismissed without prejudice as against the Town and Defendants Lipsey and Harvey in their official capacities. However, the undersigned recommends that the Motion be denied as to Count VII against Defendants Lipsey and Harvey in their individual capacities." (Dkt. No. 53 at 34).

Plaintiff filed objections to the R&R only as to Counts III and IV. (Dkt. No. 69 at 4). The Town Defendants filed a reply to Plaintiff's objections. (Dkt. No. 74).

The Town Defendants' motion is ripe for disposition.

## II.   Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making

a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.' " *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) ... [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.' " *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    Discussion

After a careful review of the record and R&R, and a de novo review of those parts to which Plaintiff objected, the Court finds that the Magistrate Judge ably determined that the Town Defendants' motion should be granted in part and denied in part. The Court addresses Plaintiff's objections.

First, Plaintiff objects to the finding that Count III must be dismissed because Plaintiff has not plausibly stated a *Monell* claim against the Town. (Dkt. No. 69 at 5). Plaintiff appears to argue

that he adequately alleged a policy under *Monell* because the complaint demonstrated that "*two officers went rogue, coordinating to produce an intentionally misleading affidavit, and no one in the chain of command intervened.*" (*Id.* at 13).

The Court overrules the objection. Plaintiff's argument is an attempt to impose a respondent superior theory onto the *Monell* claim, which is not permitted. (Dkt. No. 53 at 16) (citing case law on this point). Further, the argument that certain defendants went "rogue" cuts *against* a *Monell* theory. (*Id.*); *see Franklin v. City of Charlotte*, 64 F.4th 519, 536 (4th Cir. 2023) (noting "the 'official policy' *itself* must 'inflict[]' the alleged injury") (alteration in original and emphasis added). Further, *Disher v. Town of Kingstree*, No. 4:25-CV-03782-SAL-KDW, 2026 WL 353428, (D.S.C. Feb. 9, 2026), does not help Plaintiff. *Disher* found the plaintiff stated a *Monell* claim against the municipality based on allegations final policy makers—specifically the Chief of Police and the Town Administrator—implemented an unconstitutional policy. *Id.* at *4. Here, however, no similar allegations are present.

Second, Plaintiff objects to the Magistrate Judge's recommendation that Count IV, Malicious Prosecution, be dismissed because Plaintiff cannot show criminal proceedings terminated in Emily's favor. (Dkt. No. 53 at 14). Plaintiff contends that after Emily died, the case against her was *nolle prossed*, and that, reading all facts in a light most favorable to her, the proceedings against her thus ended in her favor. *See* (Dkt. No. 69-1 at 2) (copy of Summary Court Order).

The Court overrules Plaintiff's objection. That an individual can no longer be criminally prosecuted after death is a fundamental tenant of the law. *Cf. United States v. Dudley*, 739 F.2d 175, 177 (4th Cir. 1984) (noting death "forecloses punishment, incarceration, or rehabilitation").

When Emily died, her prosecution became impossible. Thus, even reading such an allegation[2] in a light most favorable to Plaintiff, Plaintiff's malicious prosecution claim must fail. *See Est. of Papadakos v. Norton*, No. 2:14-CV-00774, 2015 WL 4459613, at *8 (D. Utah July 21, 2015), *aff'd,* 663 F. App'x 651 (10th Cir. 2016) (discussing *nolle prosequi* and noting "[t]he termination here is 'neither an acquittal of the charges nor any determination of the merits' and 'leaves the question of guilt or innocence unanswered' " and dismissing malicious prosecution claim) (quoting *Hygh v. Jacobs*, 961 F.2d 359, 368 (2d Cir. 1992)); Restatement (Second) of Torts, § 661 ("The formal abandonment of proceedings by a public prosecutor is not a sufficient termination in favor of the accused if the abandonment is due to the impossibility or impracticability of bringing the accused to trial.").

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 53) as the Order of the Court and **grants in part and denies in part** The Town Defendants' motion to dismiss (Dkt. No. 40) as articulated in the R&R.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

---

[2] To be specific, the Amended Complaint does not allege the prosecutor issued a *nolle prosequi* after Emily died. (Dkt. No. 53 at 15 n.5) (noting, however, Plaintiff's briefing alluded to the *nolle prosequi*). Plaintiff, however, attached a copy of the *nolle prosequi* to her objections. *See Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of matters of public record and other information that, under Federal Rule of Evidence 201, constitute adjudicative facts." (cleaned up)). So the Court considers the document.

August 7, 2026
Charleston, South Carolina