**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| David Westermann, Jr., as the Personal Representative of the Estate of Emily Eileen Westermann, | Case No. 2:25-700-RMG |
| Plaintiff, | **ORDER** |
| v. | |
| Dorchester School District Two, et al., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 54) recommending Defendants Dorchester School District Two (the "District"), Superintendent Shane Robbins, Assistant Principal Chemir June Conyers, Assistant Principal Alison Waring, Acting Principal Tamara Diebold, and Matthew Kenwright (the "Individual District Defendants") (collectively, the "District Defendants")'s motion to dismiss (Dkt. No. 41) be granted in part and denied in part. For the reasons stated below, the Court adopts the R&R as the order of the Court and grants in part and denies in part the District Defendants' motion as articulated in the R&R.

## I. Background

Plaintiff brings this action as personal representative of the Estate of Emily Eileen Westermann. Stated simply, and as explained in greater detail in the Magistrate Judge's extensive R&R, Emily worked at Newington Elementary School in Dorchester School District Two. (Dkt.

1

No. 54 at 3).[1] On May 10, 2023, an incident occurred where Emily allegedly had to use some amount of physical force to prevent a nonverbal, deaf student with autism from striking a pregnant teacher. (*Id.* at 5). Plaintiff alleges the incident was recorded on video and that Emily never pushed the student to the floor and the student never lost his footing or fell. (*Id.*). Nevertheless, Plaintiff contends that various defendants acted wrongly and/or deliberately mislead authorities, leading to Emily's termination, and arrest and indictment for assault and battery (3rd degree).

The District Defendants moved to dismiss the complaint. (Dkt. No. 41). Plaintiff opposed the motion. (Dkt. No. 44).

In a detailed, 41-page R&R, the Magistrate Judge recommended granting in part and denying in part the motion. "Specifically, the undersigned recommends that Counts V, VI, VII, and VIII be dismissed without prejudice as against all the District Defendants and that Count II be dismissed without prejudice as against Individual District Defendants Conyers, Waring, and Diebold. The undersigned recommends that the Motion be denied as to Count I against the District and Count II against Individual District Defendants Robbins and Kenwright." (Dkt. No. 54 at 39).

The District Defendants filed objections to the R&R, (Dkt. No. 68) to which Plaintiff filed a reply, (Dkt. No. 71).

The District Defendants' motion is ripe for disposition.

---

[1] Plaintiff filed notice that he does not object to the R&R. (Dkt. No. 70).

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.' " *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) ... [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.' " *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.    **Discussion**

After a careful review of the record and the R&R, and a de novo review of those parts to which the District Defendants objected, the Court finds that the Magistrate Judge ably determined that the District Defendants' motion should be granted in part and denied in part. The Court addresses the District Defendants' objections.

The R&R recommended finding Plaintiff adequately alleged a *Monell* claim against the District. (Dkt. No. 54 at 21-22). The R&R observed that Plaintiff alleged Superintendent Robbins personally decided to terminate Emily and orchestrate a PR campaign against her. (*Id.* at 21). The R&R further relied on Plaintiff's allegations regarding two other incidents where Robbins terminated at-will aides, referred the matters to the police, and instituted PR campaigns without any due process. (*Id.* at 21-22).

The District objected to this finding. It contends that Count I did not plausibly allege a *Monell* claim. (Dkt. No. 68 at 3); (*Id.* at 1-2) (arguing Plaintiff failed to state Counts I and II because the Magistrate Judge applied the appropriate pleading standards "too leniently"). The District argues that Plaintiff did not allege "any district official possessed final policymaking authority over media and public relations communications." (Dkt. No. 68 at 4); *see also* (*id.* at 5-6) (arguing Plaintiff's allegations about two other aides are not specific enough); (*id.* at 6-7) (arguing Plaintiff did not allege "precise date and time" any statements about Emly were made and "medium through which the statement was disseminated" or whether statement was made "in direct conjunction with the termination decision"); (*id.* at 7-11) (arguing Magistrate Judge credited conclusory allegations, that Plaintiff has not pled a casual connection between district policies and

a constitutional deprivation or that the District's characterization of the incident was objectively false).

Under *Monell*, a plaintiff can state a 42 U.S.C. § 1983 claim against a municipality by demonstrating a constitutional violation by an official act that resulted from a government policy or custom. *See Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). "Although prevailing on the merits of a *Monell* claim is difficult, simply alleging such a claim is, by definition, easier." *Id.* at 403.

The Court overrules the District's objections. As outlined in the R&R, the amended complaint alleges that Robbins is the Superintendent of the District and was responsible "for the lawful operation of the District, including matters of *employment, handling of incidents related to student and staff safety and the District's policies and practices related to such matters*, and was *specifically authorized* by District Policy to discipline, suspend or dismiss District staff." (Dkt. No. 38 ¶ 8) (emphasis added). The complaint further alleges Robbins terminated two other employees against whom the District then launched PR attacks. (*Id.* ¶¶ 192-93). As to Emily, it alleges Robbins was "*alone* . . . empowered under District Policy 'GDQD' to discipline, suspend, or dismiss support staff," that he terminated Emily, and "orchestrated the District's scapegoating of Emily and its 'PR' Campaign." (*Id.* ¶ 225(a)) (emphasis added). This included failing to make an honest investigation and ignoring evidence exonerating Emily. (*Id.*). Relatedly, Plaintiff alleges the District provided "false, stigmatizing" accusations regarding Emily's termination to local news media via spokesman Kenwright. (*Id.* ¶ 149).

Taken together and reading all facts in a light most favorable to Plaintiff, the above allegations plausibly allege a *Monell* claim as to Plaintiff's stigma-plus claim. Plaintiff alleges Robbins, an individual with final policymaking authority to discharge staff, "terminate[d] Emily

5

and two other teacher's aides, and that on each occasion he orchestrated a District PR campaign against the discharged employee announcing the reason for the discharge without first providing due process." (Dkt. No. 54 at 22). Such allegations and the others noted above suffice to state a claim. *See Disher v. Town of Kingstree*, No. 4:25-CV-03782-SAL-KDW, 2026 WL 353428, at \*4 (D.S.C. Feb. 9, 2026) (plaintiff stated *Monell* claim against municipality based on allegations final policy makers—the Chief of Police and the Town Administrator—implemented an unconstitutional policy); *Id.* (rejecting arguments similar to District Defendants' that allegations lacked "specificity"); *Green v. Obsu*, No. CV ELH-19-2068, 2021 WL 165135, at \*15 (D. Md. Jan. 19, 2021) ("Although boilerplate allegations will not suffice, at the motion to dismiss stage, courts should not expect the plaintiff to possess a rich set of facts concerning the allegedly unconstitutional policy and the responsible policymakers."); *see also Est. of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019) ("[T]he details of the alleged policy or custom ... is a topic properly left to development through discovery. It is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in educated guesswork."). Accordingly, the noted objections are overruled.

The District Defendants also object to the R&R's recommendations on Count II as to Defendants Robbins and Kenwright. (Dkt. No. 68 at 11-13); R&R, (Dkt. No. 54 at 18-19) (recommending Count II proceed as to Robbins and Kenwright individually). As to Robbins, the Court has recounted above the allegations supporting Plaintiff's claim against him personally in the context of Plaintiff's *Monell* claim against the District. Defendant's objection that the allegations against Robbins are conclusory falls flat. *See* (Dkt. No. 38 ¶¶ 8, 187, 192-93, 225(a)).

As to Kenwright, the Court likewise overrules the District Defendants' objections. The complaint alleges Kenwright was the District's spokesman and that he personally published to local media the fact of Emily's dismissal and her false arrest and charging with Third-Degree Assault and Battery. (Dkt. No. 38 ¶¶ 12, 149, 225(i), 301).  Reading all facts in a light most favorable to Plaintiff, the R&R correctly determined Plaintiff had alleged "facts sufficient to allege Kenwright made a false statement to the media about Emily's termination, which deprived her of a liberty interest." (Dkt. No. 54 at 18). The District Defendants' objection on this point is likewise overruled.

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 54) as the Order of the Court and **grants in part and denies in part** the District Defendants' motion to dismiss (Dkt. No. 41) as articulated in the R&R.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 11, 2026
Charleston, South Carolina

7